IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MELVYN JARAMILLO and
DEBBIE JARAMILLO for themselves
and others similarly situated,**

      **Plaintiffs,**

v.                                                             Civ. No. 10-1095 JCH/LFG

**GOVERNMENT EMPLOYEES
INSURANCE COMPANY, GEICO
GENERAL INSURANCE COMPANY,
GEICO INDEMNITY COMPANY and
GEICO CASUALTY COMPANY,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Plaintiffs' Motion for Reconsideration of Order Granting Summary Judgment, for Relief from Judgment, or to Alter or Amend the Judgment* [Doc. 46] and associated *Request for Hearing* [Doc. 47]. The Court, having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that (1) oral argument will not materially assist in determination of this matter, and (2) *Plaintiffs' Motion for Reconsideration* [Doc. 46] should be DENIED.

## BACKGROUND

The Court entered summary judgment in this case on September 14, 2011, ruling that Plaintiff Debbie Jaramillo signed a valid written rejection of uninsured/underinsured motorist ("UM/UIM") coverage and that Defendants meaningfully incorporated the rejection into its Policy, which was delivered to Plaintiffs. *See generally* Doc. 44. Twenty-eight days later, on October 12, 2011, Plaintiffs filed the instant Motion, arguing, "pursuant to Federal Rules of Civil

Procedure 59 and 60," that the Court should reconsider its decision to award summary judgment in favor of Defendants. *See* Doc. 46 at 1. Plaintiffs later clarified that their Motion was filed pursuant to FED. R. CIV. P. 59(e) on the grounds that "the bases for the Court's ruling are a manifest error of law or misapprehension of the law." *See* Doc. 50 at 1. Specifically, Plaintiffs argue that Ms. Jaramillo's written rejection of UM/UIM coverage was not valid because the Option Form she signed failed to explain the concept of "stacking" coverages such that it appeared to Plaintiffs, who purchased collision coverage on four vehicles, that they were being offered only "a quart of milk for the cost of a gallon." *Id.* at 2-3. For the reasons set forth in more detail below, the Court finds no evidence of manifest error or misapprehension of the law and will therefore decline to reconsider its earlier ruling.

## STANDARD OF REVIEW

Technically, the Federal Rules of Civil Procedure do not recognize a motion to reconsider. *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Motions to reconsider may be construed either as a motion to alter or amend judgment pursuant to Rule 59(e) or as a motion for relief from the judgment pursuant to Rule 60(b). *See, e.g., Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, ___ F.3d ___, 2001 WL 6739431, at *3 (10th Cir. Dec. 23, 2011). Rule 59(e) motions must be made within 28 days after the entry of judgment. FED. R. CIV. P. 59(e). "An appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits reconsideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment." *See Commonwealth Prop.* at *3 (quoting *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995)).

Plaintiffs in the present case filed their Motion on October 12, 2011, exactly 28 days after entry of the Final Judgment [Doc. 45] on September 14, 2011. The Court will therefore construe it as a motion to alter or amend a judgment under Rule 59(e).

To prevail on such a motion, Plaintiffs must show: (1) an intervening change in controlling law, (2) new evidence that was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* However, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

## ANALYSIS

Plaintiffs contend that the Court's Memorandum Opinion and Order [Doc. 44] "squarely conflicts with numerous holdings addressing waivers of uninsured motorist coverage and their incorporation into insurance policies." *See* Doc. 46 at 3 (referencing *Jordan v. Allstate Ins. Co.*, 149 N.M. 162 (2010); *Marckstadt v. Lockheed Martin Corp.*, 147 N.M. 678 (2009); and *Montano v. Allstate Ins. Co.*, 135 N.M. 681 (2004)). In Plaintiffs' view, the Court failed to construe *Jordan* consistently with *Montano* because the Court did not require GEICO "to provide its premium opinions for UM/UIM coverage in a manner that constituted a meaningful offer of all available levels of coverage, and stacked coverage." *See* Doc. 46 at 5.

Plaintiffs acknowledge that GEICO advised them that $25,000/$50,000 in UM/UIM coverage costs $38.90 for 1 vehicle, $38.90 for two vehicles, $38.90 for three vehicles, and $38.90 for all four vehicles insured under their automobile liability policy. *See id.* at 6. Nonetheless, Plaintiffs contend that it is "impossible for [them] to make a knowing and

3

intelligent, or an informed, decision regarding their desire to purchase this coverage" because "[n]othing in the coverage option-sheet advises the Jaramillos that for the cost of $155.60 they would actually receive $100,000/$200,000 in UM/UIM motorist benefits." *Id.* at 7.  In other words, Plaintiffs claim that "[n]othing alerts the Jaramillos, or any other reasonable insured, that the premium they are paying equals $100,000/$200,000 in stacked coverage, not $25,000/$50,000." *Id.*

In addition, Plaintiffs argue that the endorsement sheet incorporating Plaintiffs' waiver of UM/UIM coverage into their policy is misleading in that it states, "Coverages and/or limits were changed as you requested or due to state requirements." *See* Doc. 46 at 12; Doc. 49 at 7. Plaintiffs argue that because of this phrasing, "[r]eceipt of the declarations page ... does not plainly advise an insured that he or she has made any selection that resulted in changes to the policy." *See* Doc. 46 at 12.  In Plaintiffs' view, "upholding GEICO's purported attachment method allows GEICO to continue to affirmatively mislead its insureds regarding waivers of UM/UIM coverage, and to avoid plainly advising the insured of his or her decisions." *Id.* at 13.

### A.  Plaintiffs' Arguments Merely Revisit Issues Already Argued and Advance Arguments That Could Have Been Raised in Prior Briefing.

"[R]evisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate." *Van Skiver*, 952 F.2d at 1243.  Where a motion to reconsider basically revisits issues already addressed and dismissed by the court, the Tenth Circuit has affirmed denial of the motion to reconsider "on this basis alone." *See id.*

Plaintiffs in the present case, like those in *Van Skiver*, have merely repackaged the same

arguments they made in response to the Defendants' summary judgment motion.  For instance, Plaintiffs' primary argument in response to summary judgment was that Defendants had "failed to include any discussion of stacking of UM/UIM coverages and the corresponding premium costs."  *See* Doc. 38 at 12, 22-24.  Plaintiffs also noted in their summary judgment response that "[t]he policy declarations page advised the Jaramillos that their coverages had been changed EITHER because of their request OR "**due to state requirements**."  *Id.* at 18 (emphasis in original).  The Court has already rejected these arguments; the repackaging of them is an improper basis for reconsideration; and, this alone provides sufficient grounds to deny Plaintiff's Motion.

**B.     GEICO's Option Form Complies With New Mexico Law.**

Plaintiffs assert that GEICO's option form fails to meet requirements of New Mexico law as set forth in three cases: *Jordan v. Allstate Ins. Co.*, 149 N.M. 162 (2010); *Marckstadt v. Lockheed Martin Corp.*, 147 N.M. 678 (2009); and *Montano v. Allstate Ins. Co.*, 135 N.M. 681 (2004).

*1.     GEICO's Option Form Complies with* Montano v. Allstate Ins. Co.

In *Montano*, the New Mexico Supreme Court declined to find that insurers could not, as a matter of public policy, limit stacking of UM/UIM coverages.  135 N.M. at 682.  Instead, the Court held that "insurance companies must obtain written rejections of stacking in order to limit their liability."  *Id.*  This was a "new approach" explained by the Court as follows:

> [I]n a multiple-vehicle policy insuring three cars, the insurer shall declare the premium charge for each of the three UM coverages and allow the insured to reject, in writing, all or some of the offered coverages.  Thus, hypothetically, in the case of a $25,000 policy, if the premium for one UM coverage is $65, two coverages is an additional $60, and three coverages $57 more, the insured who paid all three (for a total premium of $182) would be covered

> up to $75,000 in UM bodily injury coverage. However, the insured may reject, in writing, the third coverage and pay $125 for $50,000 of UM coverage; or the insured may reject, in writing, the second and third coverages and pay $65 for $25,000 of UM coverage; or the insured may reject all three UM coverages. In any event, the coverage would not depend on which vehicle, if any, was occupied at the time of the injury. Thus, the insured's expectations will be clear, and an insured will only receive what he or she has paid for.

In this illustration, the insurer "charged a multiple-vehicle rate that is less than twice the single vehicle rate," suggesting that insureds who pay for only one UM/UIM coverage are getting perhaps less than what they have paid for. *See Montano*, 135 N.M. at 687. In order to meet insureds' reasonable expectations and ensure that they are getting what they pay for, the *Montano* court held that "when multiple premiums are charged for UM coverage on multiple cars, even in the face of a truly unambiguous limitation-of-liability clause, stacking will be required." *Id.*

Nothing about GEICO's written rejection of coverage is inconsistent with the requirements of *Montano*. GEICO's option form makes it clear that the rate is the same ($38.90) for $25,000/$50,000 in UM/UIM coverage on Vehicles 1-4. *See* Doc. 46-1 at 2. Because there is no additional charge for UM/UIM coverage on the Plaintiffs' additional vehicles, there is no suggestion that insureds would not have gotten what they paid for had they elected to obtain UM/UIM coverage.

Plaintiffs contend that *Montano* holds that "insurance carriers [must] provide insureds with the premium costs for each available level of stacked coverage in order to allow insureds to contract for the exact amount of coverage they can afford and want to purchase." *See* Doc. 46 at 5. It is Plaintiffs' position that the Court's previous Order [Doc. 44] somehow fails to recognize *Montano*. *See id.* This is simply not the case. GEICO's option form complies with *Montano*.

      2.      *GEICO's Option Form Complies with* Marckstadt v. Lockheed Martin Corp.

*Marckstadt* holds, in part, that "an insurer must obtain a written rejection of UM/UIM coverage from the insured in order to exclude it from an automobile liability insurance policy." 147 N.M. at 680.  As noted by Plaintiffs, "[t]he written rejection requirement furthers the policy of expanding UM/UIM coverage by assuring that the insured is sufficiently informed before rejecting coverage, alerting the insured to the importance of the decision, and providing clear evidence of a decision to reject, reducing litigation after the fact."  *See* Doc. 46 at 4 (quoting *Marckstadt*, 147 N.M. at 685-686.

      The *Marckstadt* court also held that an insured's written rejection of UM/UIM coverage *itself* does not have to be made a part of the policy.  *See* 147 N.M. at 681.  What is required is that the rejection of UM/UIM coverage is "endorsed, attached, stamped, or otherwise made a part of the policy" in a manner that will "clearly and unambiguously call to the attention of the insured the fact that such coverage has been waived."  *See id.* at 687 (quoting, respectively, 13.12.3.9 NMAC and *Romero v. Dairyland Ins. Co.*, 111 N.M. 154, 156 (1990)).

      The Court, in its previous Order [Doc. 44] found that the three-page Endorsement Declarations section found at the front of Plaintiffs' policy met the requirements of New Mexico law.  *See* Doc. 44 at 16.  Specifically, the Court noted that the Policy "states 'INSURED REJECTS' next to the line items for what UM/UIM coverage Plaintiffs were carrying."  *Id.*  The section listing UM/UIM coverage, moreover, remains blank whereas other types of coverage indicate a premium charged.  *See id.*  Finally, under "Important Messages," the Policy indicates, "Coverages and/or limits were changed as you requested or due to state requirements."  *See id.*

      Nothing in Plaintiffs' Motion causes the court to revise its previous opinion that the GEICO policy sufficiently informs Plaintiffs that they rejected UM/UIM coverage.  Although

Plaintiffs' Motion emphasizes the statement that coverages were changed as requested "or due to state requirements," this statement near the bottom of page one of the Endorsement Declarations section does nothing to detract from the clear indication on pages two and three that "INSURED REJECTS" UM/UIM coverage.

> 3.   *GEICO's Option Form Complies with* Jordan v. Allstate Ins. Co.

In *Jordan*, the New Mexico Supreme Court consolidated three cases into one opinion "in order to provide guidance on the technical requirements for valid offers and rejections of UM/UIM coverage." 149 N.M. at 167. Specifically, the *Jordan* court held that

> UM/UIM coverage equal to the liability limits is the default coverage unless an insurer (1) offers the insured UM/UIM coverage equal to the policy's liability limits, (2) provides premium costs corresponding to the available levels of UM/UIM coverage, (3) obtains a written rejection of UM/UIM coverage equal to the liability limits, and (4) makes that rejection a part of the policy that is delivered to the insured.

149 N.M. at 171.

Consistent with its previous Opinion [Doc. 44], the Court again concludes that GEICO has satisfied these requirements in the present case. There is no dispute that GEICO offered Plaintiffs UM/UIM coverage equal to the policy's liability limits and no dispute that GEICO obtained a written rejection of UM/UIM coverage. As set forth in the discussion concerning *Marckstadt*, the Court has already found that GEICO successfully made Plaintiff's rejection a part of the policy. Therefore, the only issue is with respect to Item 2.

Plaintiffs contend that that in addition to "provid[ing] premium costs corresponding to the available levels of UM/UIM coverage," *Jordan* at 171, GEICO must also "make plain its offer of stackable UM/UIM coverage." GEICO's offer of UM/UIM coverage was clear. As indicated in the previous Opinion [Doc. 44], GEICO offers UM/UIM coverage on a per policy

rather than per vehicle basis.  In other words, insureds are required to select the same level of coverage for each vehicle on the policy; they cannot reject UM/UIM coverage for certain vehicles while requesting UM/UIM coverage for others.  *See* Doc. 42-3 at ¶¶ 5-7.  This approach is consistent with New Mexico law regarding stacking in that an insured's UM/UIM coverage travels with him or her, even if he or she is a pedestrian or a passenger in another vehicle.  *See Montano*, 135 N.M. at 684.  As such, GEICO's offer of $38.90 in premium for $25,000/$50,000 in UM/UIM coverage as to all four of Plaintiffs' vehicles satisfied the requirements of *Jordan*.

## IV.    CONCLUSION

Having already determined that oral argument will not materially assist the Court in the determination of this matter, *Plaintiffs' Request for Hearing* [Doc. 47] is **denied.**

Plaintiffs merely reargue issues already raised, or which could have been raised, in response to *Defendants' Motion for Summary Judgment* [Docs. 34, 35].  This alone is a sufficient basis upon which to deny *Plaintiffs' Motion for Reconsideration* [Doc. 46].  In addition, however, Plaintiffs have also failed to set forth any intervening change in controlling law, new evidence that was previously unavailable, or other need to correct clear error or prevent manifest injustice.  *Plaintiffs' Motion for Reconsideration* [Doc. 46] is hereby **denied.**

_____
**UNITED STATES DISTRICT JUDGE**